UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | Docket no. 2:11-cr-00202-GZS |
| CHRISTOPHER VEAZIE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION FOR RESTITUTION**

Before the Court is the Government's request for restitution (Docket # 37) on behalf of "Cindy," an individual depicted in images of child pornography unlawfully possessed by Defendant Christopher Veazie. On April 25, 2012, the Court held an evidentiary hearing regarding restitution in this matter. Based on the evidence presented at the hearing, arguments of counsel, and the parties' briefings, the Court DENIES the Government's request for restitution.

**I. LEGAL STANDARD**

The restitution statute at issue in the instant case is 18 U.S.C. § 2259. Section 2259 provides mandatory restitution to any victim of specific offenses pertaining to the "Sexual Exploitation and Other Abuse of Children," including the offenses at § 2251(a) and § 2252A(a)(1). Section 2259 states:

> **(a) In general.**-Notwithstanding section 3663 or 3663A, and in addition to any other civil or criminal penalty authorized by law, the court shall order restitution for any offense under this chapter.
>
> **(b) Scope and nature of order.**-
>
> **(1) Directions.**-The order of restitution under this section shall direct the defendant to pay the victim (through the appropriate court mechanism) the

full amount of the victim's losses as determined by the court pursuant to paragraph (2).

**(2) Enforcement.**-An order of restitution under this section shall be issued and enforced in accordance with section 3664 in the same manner as an order under section 3663A.

**(3) Definition.**-For purposes of this subsection, the term "full amount of the victim's losses" includes any costs incurred by the victim for-

> (A) medical services relating to physical, psychiatric, or psychological care;
>
> (B) physical and occupational therapy or rehabilitation;
>
> (C) necessary transportation, temporary housing, and child care expenses;
>
> (D) lost income;
>
> (E) attorneys' fees, as well as other costs incurred; and
>
> (F) any other losses suffered by the victim as a proximate result of the offense.

(**4) Order mandatory.**-(A) The issuance of a restitution order under this section is mandatory.

> (B) A court may not decline to issue an order under this section because of-
>
>> (i) the economic circumstances of the defendant; or
>>
>> (ii) the fact that a victim has, or is entitled to, receive compensation for his or her injuries from the proceeds of insurance or any other source.

**(c) Definition.**-For purposes of this section, the term "victim" means the individual harmed as a result of a commission of a crime under this chapter, including, in the case of a victim who is under 18 years of age, incompetent, incapacitated, or deceased, the legal guardian of the victim or representative of the victim's estate, another family member, or any other person appointed as suitable by the court, but in no event shall the defendant be named as such representative or guardian.

18 U.S.C. § 2259.

The Government bears the burden of demonstrating, by a preponderance of the evidence, "the amount of the loss sustained by a victim as a result of the offense." 18 U.S.C. § 3664(e); United States v. Kearney, 672 F.3d 81, 92 n.8 (1st Cir. 2012). In calculating the amount owed in restitution, the Court need only make a "reasonable determination of appropriate restitution." Kearney, 672 F.3d at 100 (quoting United States v. Innarelli, 524 F.3d 286, 294 (1st Cir. 2008)). "Absolute precision is not required." Id. (quoting United States v. Burdi, 414 F.3d 216, 221 (1st Cir. 2005)). Additionally, the Court "has leeway to resolve uncertainties with a view towards achieving fairness to the victim." Id. (quoting United States v. Vaknin, 112 F.3d 579, 587 (1st Cir. 1997)). Therefore, "some degree of approximation is acceptable under § 2259, and … mathematical precision is not required." Id. (quoting United States v. Monzel, 641 F.3d 528, 540 (D.C. Cir. 2011)).

## II. FACTUAL BACKGROUND

Defendant Christopher Veazie pleaded guilty to one count of exploitation of a minor and one count of possession of child pornography in violation of 18 U.S.C. §§ 2251(a) and 2252A(a)(1). Veazie was found to be in possession of 2,075 images of child pornography and 416 videos containing child pornography. The Government has not identified the number of images and videos containing depictions of Cindy or other specific victims.

The Government has requested that the Court order, as part of Veazie's sentence on the possession count, restitution for the losses incurred by Cindy, who allegedly is portrayed in images of child pornography found in Veazie's possession. Cindy seeks a total of $71,014.94 in restitution for mental health expenses, attorney's fees, and out-of-pocket expenses. Cindy's authorized representative (under 18 U.S.C. § 3771) submitted to the Government, who in turn

3

filed with the Court, a letter itemizes the damages suffered by Cindy under § 2559(b)(3), including $36,233.63 for past counseling and other medical expenses, $768.31 for prescription medications, $27,978.75 for attorneys' fees, and $6,034.25 for out-of-pocket costs for evaluation, supporting records, and travel. According to the Government, district courts across the country have ordered at least twelve restitution awards to Cindy to date. Those awards range from $1,000 to $5,000, with an average restitution award of approximately $2,400. In its briefing, the Government recommended that the Court in this case award Cindy $2,400.[1]

### III. MANDATORY RESTITUTION UNDER § 2259

The Government's restitution request is related solely to Count II – Defendant's illicit possession of child pornography. Defendant objects to a restitution award because, he argues, there is insufficient evidence that his possession of child pornography proximately caused Cindy harm. Furthermore, Defendant argues that restitution is improper because there is no reasonable basis upon which to determine what amount of harm suffered by Cindy is attributable to Defendant's conduct. The Government disagrees, arguing that it has shown that Defendant's conduct proximately caused the harm suffered by Cindy and that its methodology for determining the dollar amount of damage caused by Defendant has already been upheld by the First Circuit in United States v. Kearney. 672 F.3d 81.

---

[1] At the April 25, 2012 hearing, the Government proposed several alternative methodologies for calculating the appropriate restitution amount in this case. The Government proposed dividing the total restitution request, here $71,014.94, by the number of defendants guilty of child pornography crimes involving Cindy who were ordered to pay restitution, which by the Government's calculation would be thirteen defendants, for a restitution award in this case of $5,462.69. Second, the Government proposed dividing the total restitution request by the number of defendants convicted of possessing images of child pornography involving Cindy. As the Government noted, however, this methodology is untenable because the Government is not able to determine or provide the Court with the number of such defendants. Finally, the Government proposed that the Court award restitution to Cindy in the amount of $1,000 based on the factors of this case, but not based on harm to Cindy attributable to Veazie. These proposed alternative methodologies do not change the Court's analysis concerning a restitution award in this case.

Under § 2259(b)(4), restitution for victims – "individual[s] harmed as a result of a commission of a crime under this chapter" – is mandatory. The First Circuit, along with a majority of other circuits, have found that § 2259 requires the defendant's crime be a proximate cause of the harm suffered by the victim in order for restitution to be granted to the victim. See Kearney, 672 F.3d at 99-100. Under the statute, the purpose of restitution is to compensate victims for the "full amount of the victim's losses," including "any costs incurred by the victim," which are set forth in six enumerated categories of losses. See id. at 93 (quoting § 2259(b)(3)). These specified costs include any costs incurred by the victim for medical services related to physical, psychiatric, or psychological care; attorneys' fees; and other items.[2] See § 2259(b)(3). The statute further provides a general catch-all provision for "any losses suffered by the victim as a proximate result of the offense." § 2259(b)(3)(F).

The parties in this case do not dispute that Cindy is a victim of a crime under this chapter, and for good reason, as Cindy is clearly a victim. See Kearney, 672 F.3d at 94. Indeed, "individuals depicted in child pornography are harmed by the … possession of such pornography containing their image" and "[e]very circuit to consider the matter has found that those depicted by child pornography are 'victims' of the crimes of possession and distribution within the meaning of § 2259(c)." Id. Accordingly, the Court turns to Defendant's contention that his possession of child pornography did not proximately cause Cindy harm.

**A. Proximate Cause**

Veazie argues that the Government has not established proximate cause because the documentation supporting Cindy's restitution request – her victim impact statement,

---

[2] Neither Cindy nor the Government claims restitution for future psychological counseling costs. The First Circuit has not decided whether or not § 2259 authorizes restitution for future counseling costs, see Kearney, 672 F.3d at 93, although the four other circuits to have considered the question have concluded that such future expenses are compensable. See id. (internal citations omitted).

5

psychological evaluation, medical and pharmacy bills, and itemized legal charges – fail to mention either Veazie or the impact on Cindy caused by Veazie's particular offense.[3]

Like the defendant in Kearney, Veazie argues that because his contribution to Cindy's harm cannot be precisely ascertained, and because Cindy would have suffered harm in the absence of his conduct, he cannot be deemed to have proximately caused the harm on which Cindy now seeks restitution. See Kearney, 672 F.3d at 99. The First Circuit has firmly rejected Veazie's theory. Id. ("We reject the theory that the victim of child pornography could only show causation if she focused on a specific defendant's viewing and redistribution of her images and then attributed specific losses to that defendant's actions."). Rather, despite the fact that the expert report did not state that any single additional instance of possession by itself increases the harm to Cindy, the First Circuit has emphasized that "taken as a whole, the viewers and distributors of the child pornography depicting [Cindy] caused the losses she has suffered," which are outlined in the expert report. Id. at 98. Therefore, proximate cause "exists on the aggregate level, and there is no reason to find it lacking on the individual level." Id.[4]

---

[3] Further, Veazie notes that Cindy has opted to receive notifications each time her image is identified as part of a criminal investigation, despite the fact that the notifications exacerbate her condition.

[4] The First Circuit found that proximate cause was satisfied in Kearney because the defendant child pornography possessor engaged in conduct that "contributed to a state of affairs in which [the victim's] emotional harm was worse than would have otherwise been the case." Kearney, 672 F.3d at 98. To support this conclusion, the First Circuit employed traditional tort law principles, stating that "[p]roximate cause exists where the tortuous conduct of multiple actors has combined to bring about harm, even if the harm suffered by the plaintiff might be the same if one of the numerous tortfeasors had not committed the tort." Id. (citing Keeton et at., Prosser and Keaton on Torts § 41 at 268 (5th ed. 1984)). Here, the Court might reach the same result under slightly different tort principles, namely, the substantial factor formulation. See United States v. Crandon, 173 F.3d 122, 126 (3rd Cir. 1999) (stating that defendant's conduct "was a substantial contributing factor in causing" the victim's emotional troubles and resulting financial loss); United States v. Hardy, 707 F. Supp. 2d 597, 605 (W.D. Pa. 2010). The substantial factor formulation "aids the disposition of these cases … where a similar, but not identical result would have followed without the defendant's act [or] … where one defendant has made a clearly proved but quite insignificant contribution to the result...." See Prosser and Keaton on Torts § 41 at 267-68. "If the defendant's conduct was a substantial factor in causing the plaintiff's injury, it follows that he will not be absolved from liability merely because other causes have contributed to the result, since such causes, innumerable, are always present." Id. at 268.

6

In <u>Kearney</u>, the First Circuit rejected the proximate cause argument Veazie makes here, because Veazie's view of restitution under § 2259 – like that of the defendant in <u>Kearney</u> – would be contrary to Congress's goal of ensuring that victims receive full compensation for the losses they have incurred under § 2259. <u>Id.</u> at 99. In furtherance of its goal, Congress specifically made restitution mandatory in cases involving child pornography. <u>Id.</u> As the Court of Appeals emphasized, "[i]nterpretation and application of the concept of proximate cause must be consistent with the congressional purpose of § 2259 of ensuring full compensation of losses for the victim of child pornography distribution and possession." <u>Id.</u>

Finally, while a victim who lacks any knowledge of the defendant's crime may be unable to establish proximate cause, this is not such a case. Here, Cindy's attorney received a victim notification letter, and Cindy affirmatively requested restitution. These actions satisfy the First Circuit's standard for notification. <u>See id.</u> Accordingly, the Court holds that the proximate cause requirement was satisfied. <u>See id.</u>

### B. Determining the Amount of Restitution

Cindy is seeking $71,014.94 in restitution to cover: (1) past counseling and medical expenses, (2) medication since May 2010, (3) attorney's fees as of February 23, 2012, and (4) out-of-pocket expenses.[5] The Government asks this Court to award restitution based on a slightly different formulation of the analysis approved in <u>Kearney</u>, where the district court fashioned a restitution award by taking the average of thirty-three other awards – not including the highest and lowest awards – in cases involving the same victim. Specifically, the Government asks that the Court order restitution in an amount equal to the average restitution

---

[5] Cindy's designated representative (under 18 U.S.C. § 3771) has stated that the full amount of Cindy's economic losses total $71,014.94 to date. The designated representative also notes that he is in the process of updating the economic loss figures to include future counseling expenses, educational and vocational counseling expenses, and lost earnings. These amounts have not yet been provided to the Court.

7

award in twelve other cases involving Cindy where restitution was awarded for child pornography crimes. Using this averaging methodology, which differs from the methodology used in Kearney because it does not discard the highest and lowest awards in calculating the average award, the Government in its briefing seeks an award in this case in the amount of $2,400.[6] The amount requested by the Government is approximately 2% of the total amount Cindy has requested to date. Defendant opposes this restitution award, arguing that it is not tied to harm attributable to Veazie.

Section 2259 mandates that the Court award restitution in "the full amount of the victim's losses" and specifically forbids the Court from apportioning the amount based on the "economic circumstances of the defendant." 18 U.S.C. § 2259. Section 2259 also directs the Court to award restitution in accordance with § 3664 in the same manner as an order under § 3664A. See § 2259. Under § 3664(h), which governs awards of restitution under § 3663A, and, therefore, under § 2259, if a court finds that more than one defendant has contributed to the loss of a victim, the court may: (1) "make each defendant liable for payment of the full amount of restitution,"[7] or (2) "apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant."

---

[6] As noted previously, see supra note 1, the Government proposed several alternative methodologies for determining the amount of its restitution request. The Court believes that the analysis contained in this Order applies with equal force to the proposed alternative methodologies. See id.

[7] Joint and several liability is inappropriate in this case for several reasons. First, joint and several liability is inappropriate where the defendant did not proximately cause all of the victims' injuries. See Olivieri, 2012 WL 1118763, at *11 (citing Monzel, 641 F.3d at 539). Where the defendant does not proximately cause all of the victim's injuries, it would be unfair to impose joint and several liability on the defendant for the total amount of losses attributable to both the initial abuse and all of the acts of possession and distribution that contributed to the victim's losses. See id. (citing Monzel, 641 F.3d at 539). Second, "[i]t is unclear whether joint and several liability can be imposed upon defendants in separate cases." Monzel, 641 F.3d at 539. Third, courts have criticized the application of joint and several liability as "unworkable" in cases like the one before the Court. See, e.g., United States v. Hicks, No. 1:09-cr-150, 2009 WL 4110260, at *6 (E.D. Va. Nov. 24, 2009). Fourth, some courts consider the application of joint and several liability § 2259 restitution cases to be "unsupported by precedent." Ferenci, 2009 WL 2579102, at *4-5. Finally, as the Ninth Circuit has noted, the "doctrine of joint and several liability cannot

8

As many courts have highlighted, while the Court must award restitution, determining the appropriate amount of restitution attributable to Veazie "is not obvious … given that [the] Defendant did not proximately cause all of the damages the victim suffered." United States v. Olivieri, No. 09-743 (WHW), 2012 WL 1118763, at *10 (D.N.J. Apr. 3, 2012); see also Monzel, 641 F.3d at 540 ("determining the dollar amount of a victim's losses attributable to the defendant will often be difficult"); United States v. Ferenci, No. 1:08-CR-0414 AWI, 2009 WL 2579102, at *4 (E.D. Ca. Aug. 19, 2009). Determining the proper restitution award in this case is made additionally difficult by the Government's failure to submit evidence of the harm caused by Veazie himself. While the Government submitted a psychological evaluation conducted by Dr. Paul J. Heaton, which stated that Cindy experiences emotional anguish each time she is notified that images of her victimization have been identified in connection with a criminal investigation, the Government has not presented any specific evidence of the harm caused by Veazie himself. Rather, the Government has shown only that in twelve other cases involving images of Cindy, the average restitution award is approximately $2,400.

As other courts have emphasized, it is a bedrock rule of both tort and criminal law that a defendant is only liable for harms he proximately caused.[8] See United States v. Monzel, 641 F.3d 528, 535, 537 (D.C. Cir. 2011) (citing Restatement (Third) of Torts § 26 cmt. a; W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 41, at 263 (5th ed. 1984); Wayne R. LaFave, Substantive Criminal Law §§ 6.4 & 6.4(c), at 464 & 471 (2d ed. 2003)); Olivieri, 2012 WL 1118763, at * 11 ("The Court must apportion liability according to the amount of loss this

---

be used to cure a failure of proof on the causal relation between a defendant's conduct and the victim's losses." United States v. Kennedy, No. 10-30065, 2011 WL 2675918, at *11 (9th Cir. July 11, 2011).

[8] While § 2259 is a criminal restitution statute, "it functions much like a tort statute by directing the court to make victims whole for losses caused by the responsible party," and thus "tort doctrine informs our thinking" with respect to § 2259. Kearney, 672 F.3d at 96 n.12 (quoting Monzel, 641 F.3d at 535 n.5).

9

Defendant proximately caused."). The Government has established that Veazie was one of many who proximately caused Cindy harm, but the Government has made no showing that Veazie caused all of Cindy's harm nor, for that matter, any showing concerning the amount of harm traceable to Veazie. The various defendants who have caused Cindy harm – through creation, distribution, and possession of child pornography depicting her abuse – have caused harm in substantively different ways and, presumably, in differing amounts. A defendant found guilty of distributing child pornography has committed a substantively different offense than a defendant found guilty of possession of child pornography and, presumably, the level of harm attributable to one who distributes and possesses child pornography differs from the level of harm attributable to one guilty of possessing images of child pornography.[9] Likewise, a defendant guilty of possessing one image of child pornography depicting a given victim presumably causes less harm than a defendant found guilty of possessing 30,000 images of child pornography depicting that victim. Here, the Government has made no showing of the number of images of Cindy that Veazie possessed. Nor has the Government shown that Veazie even viewed one image of Cindy or compared the conduct of Veazie with the conduct of the defendants in the twelve other cases involving restitution awards to Cindy under § 2259.[10] In arguing for a restitution award based on the average restitution award in twelve other (potentially dissimilar) cases the Government first suggests, properly, that tort principles of proximate causation apply to the determination of whether Defendant caused Cindy harm, but then asks the Court to fashion a restitution award without concern for basic tort principles governing allocation of damages.

---

[9] The Court notes that Veazie has also pled guilty to one count of exploitation of a minor in connection with the creation of child pornography and sexual abuse of a minor – an exceptionally serious crime. The Government is not seeking restitution on behalf of the victim of that crime.

[10] This failure leaves the Court unable to determine whether these twelve other defendants were sentenced for similar types of child pornography possession and more importantly, for restitution purposes, whether these twelve cases involved similar harm to Cindy.

Preliminarily, the Court notes that the Government's proposed methodology for calculating restitution in this case is inherently untenable.[11] Over time, awarding restitution based on the average of the restitution awards in past cases involving the same victim will bring down the average restitution award. In other words, if each successive restitution award is based on the average of past restitution awards, the next award will be slightly lower than the preceding award. Eventually, with enough defendants and enough restitution awards, the average restitution award will be just one penny.

Under the Government's proposed methodology, the Government is essentially asking the Court to pick a number representing Cindy's loss without any regard for the amount of loss caused by Defendant in this case. Citing Kearney for support, the Government notes that its methodology and requested restitution award are reasonable and fair to the victim in part because the restitution requested is relatively small – both in absolute terms and as a proportion of the total amount of the restitution request – and because "the total amount of restitution actually received by [Cindy] to the date of this award is still very far from approaching the sum of full compensation." See Government's Memorandum Seeking Restitution (Docket # 37) at 8 & n.2 (quoting Kearney, 672 F.3d at 101). Thus, the Government implies, based on the analysis in Kearney, that because there is no indication that the victim has come close to receiving the total amount of restitution requested, there is no danger of overcompensating the victim. This finding, however, does not excuse the Government's obligation to tie Veazie's conduct to Cindy's losses.

In this case, the total amount of restitution requested includes losses attributable to numerous perpetrators of child pornography crimes against Cindy, some of whom committed

---

[11] At the April 25, 2012 hearing, the Government proposed several alternative methodologies for determining a restitution request in this case. In the Court's view, these other proposed methodologies are no more workable than the methodology proposed in the Government's briefing and they suffer from the same defects outlined in this Order.

their crimes well before Veazie committed the present offense involving images of Cindy.  By tying a restitution award against Veazie to these other cases, the Government is essentially arguing for joint and several liability.  See Kearney, 672 F.3d at 101.  However, when asked specifically by the Court at the April 25, 2012 hearing whether Veazie is liable under a theory of joint and several liability, the Government replied that Veazie is not jointly liable; he is only severally liable for restitution in this case.  Therefore, the Government's attempt to tie Veazie's restitution award to Cindy's total losses does not hold water.

The Court must order restitution equal to the amount of harm the Government proves Veazie caused Cindy.  See § 3664(e) ("Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence.  The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government.").  However, the Government has made no showing concerning the amount of harm attributable to Veazie.  Accordingly, the Court cannot satisfy its charge "to estimate, based upon facts in the record, the amount of [the] victim's loss with some reasonable certainty."  Monzel, 641 F.3d at 540 (quoting United States v. Doe, 488 F.3d 1154, 1160 (9th Cir. 2007)).  Herein lies the problem: § 2259 mandates that the Court order restitution, yet its proximate cause limitation also requires that the Court order no more restitution than proximately caused by the defendant's criminal conduct.  See United States v. Stowers, 2011 WL 3022188, at *3 (E.D. Okla. July 22, 2011) (citing Monzel, 641 F.3d at 539); United States v. Kennedy, No. 10-30065, 2011 WL 2675918, at *11-12 (9th Cir. July 11, 2011) ("it is likely to be a rare case where the government can directly link one defendant's viewing of an image to a particular cost incurred by the victim")).

Because of the difficulty of determining the amount of harm attributable to a single defendant, the Court is afforded "some degree of approximation" and "leeway to resolve uncertainties with a view toward achieving fairness to the victim." Kearney, 672 F.3d at 100. Yet, the Court "cannot avoid awarding the 'full amount of the victim's losses,' simply because the attribution analysis is difficult or the government provides less than ideal information." Stowers, 2011 WL 3022188, at *3 (quoting Monzel, 641 F.3d at 539-40).[12] The Court must order restitution equal to the amount of harm the government proves the defendant caused the victim. Monzel, 641 F.3d at 539-40. While the Government has set forth the total amount of damages suffered by Cindy, it has provided no evidence delineating any method by which the Court can reasonably determine the portion of those damages proximately caused by Veazie's conduct alone.[13]

This Court cannot "impose a random restitution amount" divorced from the facts of this case or the principles of tort law. See United States v. Chow, 760 F. Supp. 2d 335, 344 (S.D.N.Y. 2010) ("To establish a record sufficient to ensure effective appellate review of its restitution orders, the Court must make specific findings of fact supporting its calculation of the full amount of the damages to a victim which were proximately caused by the defendant's offense."). Additionally, the Court cannot overturn established precedent because the facts of this case are so appealing and the victim particularly sympathetic. See United States v. Vaknin, 112 F.3d 579, 586 (1st Cir. 1997) ("restitution is appropriate only for 'the loss caused by the specific conduct that is the basis of the offense of conviction'") (quoting Hughey v. United

---

[12] For example, the Government could produce direct evidence of the harm caused by the defendant. See id. (citing Kennedy, 2011 WL 2675918, at *12 (citing United States v. Church, 701 F. Supp. 2d 814, 833 (W.D. Va. 2010))).

[13] The Court considered awarding Cindy attorneys' fees attributable to her attorneys' time expended on this case. To that end, the Court examined the time entries submitted by Cindy's attorneys in support of her restitution request. The Court, however, was unable to tie specific time entries submitted by Cindy's attorneys to any events in this case. Accordingly, the Government has failed to meet its burden of showing the amount of attorneys' fees Cindy incurred in connection with Veazie's criminal conduct.

States, 495 U.S. 411, 413 (1990)); see also United States v. Newell, 658 F.3d 1, 35 (1st Cir. 2011) ("where the restitution order reflects the amount of the victim's loss no constitutional violation has occurred"); United States v. Neal, 36 F.3d 1190, 1199-1200 (1st Cir. 1994) (stating that "in determining the amount of restitution to be awarded against a defendant," § 3664(a) "directs the court to consider … loss sustained by the victim as a result of the offense"). Here, the Government has not presented any evidence as to how much of the victims' losses were caused by Veazie's specific acts. On the record presented, the Court cannot discern any reasonable "degree of approximation" that would allow it to calculate a dollar figure that reflects Veazie's proportionate level of contribution to Cindy's losses. Kearney, 672 F.3d at 101. Under these circumstances, where there has been no showing concerning the amount of damage caused by the defendant, juries are not permitted to speculate about an amount of damages.[14] Likewise, courts may not speculate, and the Court cannot do so here.

## IV. CONCLUSION

For the reasons stated herein, the Government's request for an order of restitution on behalf of Cindy (Docket # 37) is DENIED.

---

[14] Both parties conceded at the April 25, 2012 hearing that in determining the proper amount of restitution the Court in this case is acting like a jury making a determination concerning an award of civil damages in a tort case. Jury instructions concerning damages in a tort case do not permit a jury to speculate about the amount of damages:

> Any damages you award must be based on the evidence and on a finding by you that the plaintiff has convinced you [that it is more likely than not] that she has been damaged as she claims to have been damaged. Damages may not be awarded on the basis of guesswork or speculation, nor on the basis of passion, prejudice or sympathy.

Donald G. Alexander, Maine Jury Instruction Manual § 7-101 (4th ed. 2007); see also D. Brock Hornby, Pattern Jury Instructions for Cases of Railroad Employee Personal Injury for the District Courts of the United States Court of Appeals for the First Circuit at 4 ("[Plaintiff] bears the burden of proof to show both the existence and the amount of [his/her] damages by a preponderance of the evidence."); Restatement (Second) of Torts: Damages § 912 ("One to whom another has tortiously caused harm is entitled to compensatory damages for the harm if, but only if, he establishes by proof the extent of the harm and the amount of money representing adequate compensation with as much certainty as the nature of the tort and the circumstances permit.").

SO ORDERED.

                                                   /s/ George Z. Singal
                                                   United States District Judge

Dated this 25th day of April, 2012.